129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Irma GUTIERREZ-QUINTANILLA, Defendant-Appellant.
 No. 97-50346.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-97-00647-NAJ; Napoleon A. Jones, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Irma Gutierrez-Quintanilla appeals the ten-month sentence imposed upon her guilty plea conviction for transportation of four illegal aliens in violation of 8 U.S.C. § 1324. Gutierrez contents the district court erred by denying her request for a two level sentence reduction under U.S.S.G. § 3B1.2 for her minor role in the offense. We reject this contention and affirm.
 
 
 3
 A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id. "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under section 3B1.2." Id. at 1435.
 
 
 4
 Here, the record indicates that Gutierrez admitted driving the illegal aliens across the border in a small concealed compartment in her vehicle, and admitted she knew they were there. The district court therefore agreed with the probation department that Gutierrez was not a minor participant in criminal activity because her actions were knowing and integral to the alien smuggling enterprise. We reject Gutierrez's argument that she was merely a courier and was less knowing and culpable than other participants, and conclude the district court did not clearly err by denying her a sentence reductlon as a minor participant. See id. at 1436-37.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3